```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
                                  :
STEVEN A. GOODLOE
                                  :
    v.                            :  Civil Action No. DKC 21-1318
                                  :
JAMES RIVER INSURANCE COMPANY
                                  :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this diversity insurance dispute is Plaintiff's motion to remand.  The issues are briefed and no hearing is deemed necessary.  Local Rule 105.6.  For the following reasons, the motion will be GRANTED.

On May 27, 2021, James River Insurance Company ("James River") removed this action from the Circuit Court for Montgomery County on the basis of diversity of citizenship.  (ECF No. 1). In the Notice of Removal, it recited that it had not been formally served with the summons and complaint but had received, informally via email, copies of both on May 21, 2021, and that was the first receipt.  On June 17, Plaintiff Steven A. Goodloe moved to remand to the Circuit Court, asserting that removal was untimely because James River had been served via the Maryland Insurance Administration by certified mail on March 23, 2021.  (ECF No. 8). Counsel also asserted that a copy of the complaint had been emailed to Defendant's claims examiner at her request also on March 23,

2021.  James River opposes remand.  (ECF No. 11).  Although it concedes that Plaintiff mailed the complaint and summons to the MIA in early March, which was received in that office on March 23, James River asserts that it never received the papers from the MIA.  It knew about the possibility of suit and inquired of Plaintiff's counsel on March 22 about whether suit had been filed.  Plaintiff provided a copy of the complaint (but not the summons) on March 23 via email.  Later, on May 21, Plaintiff emailed again to Defendant, this time including both the complaint and the summons.  James River contends that it has still not received formal service.  As will be seen, James River is wrong.  Service was effected via the statutory agent and, because it had actual notice of the complaint, the time to remove began on March 23, more than thirty days prior to removal.

Pursuant to Md.Code Ins. § 4-107, an insurer applying for a certificate of authority "must appoint the Commissioner as attorney for service of process issued against the insurer in the State."  The Maryland Rules provide that, when a corporation has no resident agent, service may be made by serving anyone expressly authorized to receive service of process. Md.Rule 2-124(d).  These provisions apply to out-of-state insurers.  *See Thompson v. State Farm Mut. Auto. Ins. Co.*, 196 Md.App. 235, 242 (2010).  When

2

service is made on the statutory agent, the party has 60 days within which to file an answer, rather than the normal 30 days. Md.Rule 2-321.

Pursuant to 28 U.S.C. § 1446, a defendant desiring to remove any civil action must file a notice within "30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . ." The burden is on the defendant to prove timeliness, when challenged by a motion to remand, *Lexington Mkt., Inc. v. Desman Assocs.,* 598 F.Supp.2d 707, 709 (D.Md. 2009)), and removal jurisdiction is strictly construed, meaning that if federal jurisdiction is doubtful, remand is required. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).

There are two aspects to the commencement of the thirty-day removal period: receipt of a copy of the complaint and formal service. Both must occur before the time for removal commences. As noted by the Fourth Circuit:

> The general rule, as established by the Supreme Court in *Murphy Brothers*, is that the time for counting the days for filing notice of removal under § 1446(b) starts when the defendant is formally served with the summons and complaint making the defendant an official party to the action and requiring the defendant to appear. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (holding that defendant's

3

>   informal receipt of the complaint did not
>   start the time for filing).

*Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 391–92 (4th Cir. 2018) (string citation omitted). In a typical case, particularly in Maryland, formal service encompasses providing a copy of the complaint and the summons to a defendant, so the two aspects are accomplished simultaneously. When the only mechanism for advising a defendant of the pendency of litigation is through a statutory agent, it is now clear that service on the agent does not trigger the removal period. Rather, the defendant must have actual notice (or receipt) of the complaint. In *Elliott*, the court reaffirmed what it had previously held in an unpublished opinion:

>   In *Gordon v. Hartford Fire Insurance Company*, as here, the defendant filed notice of removal within 30 days of actually receiving the complaint, but not within 30 days of service on its statutory agent for service of process. 105 Fed.Appx. 476, 480 (4th Cir. 2004). Rejecting the plaintiff's contention that the case should have been remanded for untimely filing for notice of removal, we stated that "the overwhelming majority of district courts to consider the question have held that '[w]hen service is effected on a statutory agent, rather than on an agent appointed by the defendant, the time to remove the action to federal court does not start to run until the defendant actually has received a copy of the complaint.'" *Id.* (quoting *Lilly v. CSX Transp., Inc.*, 186 F.Supp.2d 672, 673 (S.D.W.Va. 2002)) (citations omitted). In so doing, we recognized a statutory agent

4

>exception to the *Murphy* Rule and held that when a statutory agent is served, the time to remove the case runs from the defendant's actual receipt of the complaint. *See id.* at 480–81. Indeed, as we noted in *Gordon*, the vast majority of district courts to have considered this issue agree with this approach. *Id.* at 480; *see also Tucci v. Hartford Fin. Servs. Grp., Inc.*, 600 F.Supp.2d 630, 632 n.3, 632–33 (D.N.J. 2009) (collecting cases and stating that it is the "well-established rule that the removal period begins not with service on a statutory agent, but with receipt by defendants or their true agent"); 14C Charles Alan Wright, et al., *Federal Practice and Procedure* § 3731 (4th ed. Apr. 2017) ("At one time it was not clear whether service on a statutory agent . . . was sufficient to commence the time period for removal . . . . Realistically speaking, of course, statutory agents are not true agents but merely are a medium for transmitting the relevant papers. Accordingly, it now appears to be settled law that the time for removal begins to run only when the defendant or someone who is the defendant's agent-in-fact receives the notice via service, as prescribed in the *Murphy Brothers* case.").

*Elliott*, 883 F.3d at 392. It explained:

>Serving a statutory agent does not guarantee that the defendant is provided with actual notice of the complaint or adequate time to decide whether to remove a case. To hold that the filing period commences when the statutory agent is served, therefore, would allow for the filing deadline to pass before the defendant actually receives a copy of the complaint—the exact situation Congress previously sought to avoid when it amended § 1446(b) to its current state. *See Tucci*, 600 F.Supp.2d at 634 ("To find to the contrary

>would contravene Congress' intent to ensure that defendants know that they are the subject of a suit and as well as the basis for the suit *before* the removal period begins." (citing *Murphy Bros.*, 526 U.S. at 351–52, 119 S.Ct. 1322) (emphasis in original)); *Lilly*, 186 F.Supp.2d at 674 ("If the removal period began running upon receipt of the complaint by the statutory agent, the privilege of a defendant to remove could be easily curtailed or abrogated completely." (internal quotation marks omitted)).  We agree that "the defendant's right to a federal forum should not depend upon the rapidity and accuracy with which the statutory agent informs its principal of the commencement of litigation against it."  *Medina* [*v. Wal-Mart Stores, Inc.*], 945 F.Supp. [519,] 521 [(1996)]; *see also Elliott v. Wal-Mart Inc.*, No. 97-3526, 1998 WL 385911, at *2 (6th Cir. July 2, 1998) (unpublished) (declining to reverse a default judgment motion when defendant did not receive a copy of the complaint that was served on its statutory agent and then misfiled by Wal-Mart's switchboard operator because "[i]t was Wal-Mart's own choice to rely on its switchboard operator to sort and file incoming legal documents"); *Youren v. State Farm Mut. Auto. Ins. Co.*, No. 2:14-CV-00117-JAD, 2014 WL 2772105, at *2 (D.Nev. June 18, 2014) ("Conditioning a defendant's removal right on the actions of an agent who the defendant did not choose would place the defendant at the mercy of the diligence of the agent and the postal service.").

*Id.*, at 393–94.  Thus, the time for removal was not triggered when the Insurance Commissioner received the complaint and summons. But, on the same day, James River **did** receive a copy of the complaint via email.  The complaint indicated in the caption that

6

service was to be made via the Maryland Insurance Administration by service on the Commissioner.  The email, however, did not contain a copy of the summons.  The second email, sent on May 21, contained the summons, the verification of receipt by the MIA, as well as the complaint.  James River claims that it has still not received the copy of the complaint and summons from the Insurance Commissioner.  Accordingly, James River argues that its time to remove has not even begun because formal service of both the complaint and the summons are required.

In *Mullins v. Visiture, LLC,* No. 5:19-cv-00052, 2019 WL 5445299 (W.D.Va. Oct. 23, 2019), the court faced the precise factual scenario presented in this case: service on a statutory agent (and mailing to but no receipt by the defendant) and receipt by the defendant via email of the complaint.  The court observed that two things must occur to start the removal clock: actual receipt of a copy of the complaint and formal service under state law.  It found that the defendant's "receipt of the complaint via email combined with formal service on the [statutory agent] was sufficient to start the removal clock."  *Id.*, at *2.  Under Virginia law, service on a defendant is effective when service is made on the statutory agent.  Here, likewise, by March 23, James River had an actual copy of the complaint and service had been

7

made on the statutory agent. James River has not shown that service under Maryland law was not effective upon service on the MIA. By March 23, James River was on notice and had more than enough time to decide whether to exercise its right to remove. Another case, *PurAyr, LLC v. Phocatox Technologies, LLC*, 263 F.Supp.3d 632 (W.D.Va. 2016), similarly found that formal service on a statutory agent coupled with actual notice of the complaint triggers the removal period.

James River seems to believe that it must also have received a copy of the summons, but that is not correct. The critical factors under *Murphy Brothers*, 526 U.S. at 347, are (1) notice of the action, and (2) being brought under a court's authority by formal process. Thus, the thirty-day limit on removal begins to run "only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." As noted in *Elliott*, 883 F.3d at 391, "the time for counting the days for filing notice of removal under § 1446(b) starts when the defendant is formally served with the summons and complaint making the defendant an official party to the action and requiring the defendant to appear."

Service on the Commissioner, effected on March 23, was all that was required to constitute formal service, making James River

an official party, and, most importantly, setting the time for answer.  James River was on notice of this action that same day such that it had plenty of time to decide whether to exercise its option to remove it to this court.  It waited at its own risk based on the erroneous assumption that it could wait for receipt via the MIA of the complaint and summons.  Removal was untimely, and the action will be remanded.

                                                       /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge